**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| GLORIA DUCHIN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-CV-00034ML |
| | ) | |
| CREATIVE CATALOGS CORPORATION and PC ACQUISITION, INC., d/b/a PERSONAL CREATIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSE TO COUNT II**

Defendants, CREATIVE CATALOGS CORPORATION ("CCC") and PC ACQUISITION, INC. ("PC"), by and through their attorneys, for their Answer and Affirmative Defense to Count II of the Complaint, state as follows:

PARTIES AND JURISDICTION

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2. Defendants admit that CCC is a corporation organized and existing under the laws of the State of Delaware. Defendants deny that CCC has its principal place of business in Hinsdale, Illinois. The remaining allegations of Paragraph 2 state legal conclusions to which no response is required. Defendants do not contest personal jurisdiction.

3. Defendants admit that PC is a corporation organized and existing under the laws of the State of Delaware. Defendants deny that PC has its principal place of business in Hinsdale, Illinois. The remaining allegations of Paragraph 3 state legal conclusions to which no

response is required. Defendants do not contest personal jurisdiction.

4. Paragraph 4 states legal conclusions to which no response is required. Defendants do not contest personal jurisdiction.

5. Defendants do not deny that the Complaint purports to state a claim under the listed statutes, but deny that Defendants have any liability to Plaintiff thereunder.

6. Paragraph 6 states legal conclusions to which no response is required. Defendants contest the subject matter jurisdiction of the Court with respect to Count I and have moved to dismiss Count I by separate motion. Defendants do not contest subject matter jurisdiction with respect to Count II.

7. Paragraph 7 states legal conclusions to which no response is required. Defendants do not contest venue.

## BACKGROUND FACTS

8. Defendants admit that Duchin has sold silver-plated baby bootie figurine to PC. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. Defendants deny the allegations contained in Paragraph 10 and further deny that a copy of the alleged work is attached to the Complaint.

11. Defendants admit that in 2001 and 2002, PC purchased approximately 4,500 silver-plated baby bootie figurines from Duchin. Defendants further admit that PC is a subsidiary of CCC. Defendants deny the remaining allegations of Paragraph 11.

**COUNT I**
(Copyright Infringement)

Defendants have moved to dismiss Count I for lack of subject matter jurisdiction and refrain from answering Paragraphs 12-18 of the Complaint pending the Court's ruling on that motion.

**COUNT II**
(Trademark Infringement)

19. Defendants incorporate their answers to Paragraphs 1-11 as if fully set forth herein. Defendants have moved to dismiss Count I for lack of subject matter jurisdiction and have refrained from answering Paragraphs 12-18 of the Complaint pending the Court's ruling on that motion.

20. Defendants admit that for a period from approximately November 2002 through February 2006, PC used a photograph of two silver-plated baby bootie figurines on its website, www.personalcreations.com, in connection with the marketing and sale of a silver-plated baby bootie figurine other than the one it had previously purchased from Duchin. One of the figurines in the photograph was, inadvertently, the figurine previously purchased from Duchin, viewed from the bottom in order to display a sample of PC's personalized engraving service. Defendants further admit that PC is a subsidiary of CCC. Defendants deny the remaining allegations of Paragraph 20.

21. Defendants admit that Duchin was not identified as the manufacturer of the silver-plated baby bootie figurine sold by PC from November 2002 through February 2006. Defendants further admit that during the period from November 2002 through October 2005, the

text accompanying the photograph on PC's website stated, among other things: "Beautifully crafted in the USA of silver-plate ..." Defendants further admit that during the period from November 2002 through October 2005, the silver-plated baby bootie sold by PC through its website bore a sticker that read: "Made in China." Defendants deny the remaining allegations of Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants admit that the item for sale on PC's website from November 2002 through February 2006 was not the same silver-plated baby bootie it had previously purchased from Duchin. Defendants deny the remaining allegations of Paragraph 23.

24. Defendants deny the allegations contained in Paragraph 24.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26.

WHEREFORE, Defendants pray that the Complaint be dismissed in its entirety.

**AFFIRMATIVE DEFENSES TO COUNT II**

**FIRST AFFIRMATIVE DEFENSE - LACHES**

1. Plaintiff has known of should have known of the acts complained of in Count II since November 2002 yet took no action until October 2005.

2. The acts complained of in Count II were inadvertent on the part of Defendants and Defendants acted at all times in good faith.

3. Plaintiff's delay in asserting its alleged rights lulled Defendants into a false sense of security and Defendants innocently marketed and sold its product in reliance on that sense of

security.

4. Defendants would be inequitably prejudiced if Plaintiff were permitted to assert its alleged rights after this period of delay.

**JURY DEMAND**

Defendants demand a trial by jury on all claims so triable.

Respectfully submitted,
DEFENDANTS,

**CREATIVE CATALOGS CORPORATION and PC ACQUISITION, INC.,**

By their attorneys,

_____/s/ Robert J. Roughsedge________________

Robert J. Roughsedge (#5876)
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue
Boston, MA 02210
617-439-4990
fax: 617-439-3987
rroughsedge@lawson-weitzen.com

**CERTIFICATE OF SERVICE**

I hereby certify that this Assented to Motion for Time to File an Answer or Otherwise Plead was filed electronically and notice of its filing and that it is available for viewing and downloading was sent electronically to the following attorneys on September 20, 2006:

Peter P.D. Leach
Attorney at Law
One Charles Street
Providence, RI 02904
Telephone: (401) 521-9100 ext. 102
Facsimile: (401) 521-9120
Email: PeterLeachLaw@aol.com

Christine M. Curley
275 Beacon Drive
North Kingstown, RI 02852
401-294-0847
fax 401-294-0849
Email: christinecurley@earthlink.net

/s/ Robert J. Roughsedge