IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GLORIA DUCHIN, INC. | : | |
| | : | |
| v. | : | C.A. NO. 06-034ML |
| | : | |
| CREATIVE CATALOGS CORPORATION, | : | |
| And PC ACQUISITION, INC. d/b/a | : | |
| PERSONAL CREATIONS | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS AND TO STRIKE COUNT I**

Plaintiff, Gloria Duchin, Inc. hereby objects to the Motion to Dismiss and to Strike Count I filed by Defendants Creative Catalogs Corporation and PC Acquisition, Inc. on the grounds that: 1) Defendants' Motion fails to comply with Local Rule 7 of the Local Rules of the United States District Court for the District of Rhode Island in that it is not accompanied by a separate memorandum of law; and 2) that there is no jurisdictional basis to dismiss Count I of the Complaint as a copyright application has been filed with the United States Copyright Office and is presently pending.

## ARGUMENT

### I. Defendants' Motion Should be Denied Because it Fails to Comply With Local Rule 7.

Local Rule 7 of the Local Rules of the United States District Court for the District of Rhode Island requires:

> Every motion shall bear a title ***identifying the party filing it*** and stating the precise nature of the motion. In addition, ***every motion*** except a motion to extend time or a motion to compel discovery shall contain a short and plain description of the requested relief and ***shall be accompanied by a separate memorandum of law*** setting forth the reasons why the relief requested should be granted and any any applicable points and authorities supporting the motion.

(Emphasis added.) Defendants' motion fails to comply with these requirements and accordingly, must be denied by the Court.

**II. Defendants" Motion Should Be Denied Because this Court has Jurisdiction Over Plaintiff's Complaint.**

Defendants' motion states that Count I must be dismissed for lack of jurisdiction because Plaintiff does not own a copyright registration. First, despite the fact that Plaintiff has not alleged the existence of a copyright registration in its Complaint, such registration is a condition precedent to recovery on the merits and does not deprive this Court of subject matter jurisdiction. *Batesville Services, Inc. v. Funeral Home Depot, Inc.*, 2004 WL 2750253 (S.D. Ind. 2004). In *Batesville*, the Court cited to the United States Supreme Court in concluding that copyright registration was not a jurisdictional issue:

> The Supreme Court explained in *Steel Co. v. Citizens for a Better Environment* that courts must distinguish between whether a claim under federal law is a winner and whether the court has jurisdiction over the claim: "Dismissal for lack of subject matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to invoke federal controversy." [523 U.S. 83, 89 (1998)]. Under this standard, whether plaintiffs properly registered their photographs for copyright protection is a condition precedent to prevailing on the merits of their claims. It is not a matter that affects this court's subject matter jurisdiction which is granted by 28 U.S.C. § 1338 (a).

*Id* at *4. The same rationale is applicable here.

To the extent that *Foraste v. Brown University*, 248 F.Supp. 2d 71, 76 (D.R.I. 2003) holds otherwise, Plaintiff has met both the condition precedent and jurisdictional prerequisite because a copyright application, with a copy of the sculptural work and filing fee has been filed with the United States Copyright Office. *Id* at 77-78 (pending application satisfies 17 U.S.C. § 411 (a)) (citing cases). *See also Shady Records, Inc. v. Source Enterprises, Inc.*, 2005 WL 14920

(S.D.N.Y. 2005). A true and accurate copy of the copyright application and related documents is attached hereto as *Exhibit 1*.

Moreover, should this Court deem it necessary for the Plaintiff to amend its complaint to set forth the application date, Plaintiff will file a motion to amend to cure any technical deficiencies in its pleading. *Foraste v. Brown University*, 248 F.Supp. 2d at 78 (noting that "several courts have permitted a copyright action to proceed once a plaintiff has rectified its pleadings to reflect copyright registration or attempted registration.") (citing cases).

**CONCLUSION**

For the reasons set forth herein, Defendants' Motion to Dismiss and to Strike Count I should be denied in all respects and should this court deem it necessary, Plaintiff should be permitted to amend its Complaint to set forth the allegations pertaining to its pending copyright application.

Gloria Duchin, Inc.,
By its attorney,

/s/ Peter P.D.Leach
PETER P.D. LEACH (#3955)
One Charles Street
Providence, RI 02904
(401) 521-9100
(401) 521-9120 Fax

/s/ Christine M. Curley
CHRISTINE M. CURLEY (#4529)
275 Beacon Drive
North Kingstown, RI 02852
(401) 294-0847
FAX (401) 294-0849
christinecurley@earthlink.net

**CERTIFICATION**

I hereby certify that the foregoing Memorandum in Support of Plaintiff's Opposition to Motion to Dismiss and to Strike Count I was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorney received service by electronic means on this 10th day of October 2006:

Robert Roughsedge
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Suite 345
Boston, MA 02210
rroughsedge@lawson-weitzen.com

/s/ Christine M. Curley