IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GLORIA DUCHIN, INC. | : | |
| | : | |
| v. | : | C.A. NO. 06-034ML |
| | : | |
| CREATIVE CATALOGS CORPORATION, | : | |
| and PC ACQUISITION, INC. d/b/a | : | |
| PERSONAL CREATIONS | : | |

**PLAINTIFF'S PRETRIAL CONFERENCE STATEMENT**

Plaintiff, Gloria Duchin, Inc. hereby files its pretrial conference statement in accordance with this Court' Amended Notice dated September 27, 2006.

**Summary of the Facts**

Plaintiff Duchin is in the business of designing, creating, manufacturing and selling keepsake items. One of the items Plaintiff created, manufactures, markets and sells throughout the country is the "*Silverplated Baby Bootie*.(the "Baby Bootie"). The Baby Bootie was created by Plaintiff's employees and/or agent in 1997 and the manufacturing and distribution of same has continued by Duchin since the date of first publication in 1997. The Baby Bootie was a wholly original creation of the Plaintiff, by and through its employees and/or agents.

"Gloria Duchin, Inc." is engraved on each item along with the country of origin designation (USA) and the year 1997, which is when the product was created and first offered for sale to the public. During 2001 and 2002, Defendant Personal Creations, as subsidiary of Defendant Creative, purchased more than 4500 pieces of the Baby Bootie from Duchin. This fact has been admitted by Defendants.

Defendants have manufactured, distributed, marketed, advertised, sold and continues to manufacture, distribute, market, advertise and sell to the public a product which is a direct copy of the Plaintiff's Baby Bootie. By letter dated October 18, 2005, Duchin, through its attorney, notified Defendants that their manufacture, distribution, marketing, advertising and sales to the public of the keepsake item which is a direct copy of Plaintiff's copyrighted Baby Bootie, constituted unlawful infringement.

In addition, Defendant Creative, through its subsidiary Personal Creations, has been using a photograph of Plaintiff's Baby Bootie on its website to market and sell a silverplated baby bootie. The text on the Personal Creations website does not identify Duchin as the product's manufacturer, but does imply that it is manufactured in the United States. The actual product sold by Defendants has a label indicating that it is "Made in China." Defendants have admitted to these facts and to using the photograph on its website from November 2002 through February 2006. These dates correlate with when Defendants' ceased purchasing the Baby Bootie from Duchin and the date when this Complaint was served.

The use of the Duchin photograph on the website is intentionally misleading, as a prospective purchaser is lead to believe that Personal Creations is offering the Duchin Baby Bootie for sale. It is also evidence of Defendants' willful copying of Duchin's Baby Bootie, as the item for sale on Defendants' website is not Duchin's Baby Bootie and was not an authorized reproduction of the Duchin Baby Bootie.

The use by Personal Creations of the photograph of the Duchin Baby Bootie violates Duchin's trademark rights and other laws prohibiting the use of Duchin's name and product for the manufacture, use, display, or sale of an imitation product.

By its actions alleged herein, Defendants have engaged in copyright infringement and have violated the Federal Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq*.

**Identification of Legal Issues**

Copyright registration is prima facie evidence of ownership of the copyright. 17 U.S.C. § 401(c); *Lotus Development Corp. v. Borland Int'l, Inc.*, 49 F.3d 807, 813 (1st Cir. 1995) (collecting cases). Plaintiff's application for copyright registration is presently pending before the United States Copyright Office.

In order to prevail on its claims for copyright infringement, Plaintiff must prove that the baby bootie sold by Defendants were copies of Plaintiff's work. Courts have uniformly permitted copying to be established by circumstantial evidence. *Concrete Machinery, Inc. v. Classic Lawn Ornaments, Inc.*, 843 F.2d 600 (1st Cir. 1988).

Copying can be proved by showing that the pieces are so strikingly similar as to preclude the possibility of independent creation. *Lipton v. Nature Co.*, 71 F.3d 464 (2nd Cir. 1995). Here, the pieces at issue are nearly identical.

Copying can also be established by showing Defendants' access to Plaintiff's work and a substantial similarity between the baby bootie pieces. *Concrete Machinery, Inc. v. Classic Lawn Ornaments, Inc.*, 843 F.2d 600 (1st Cir. 1988) Here, access is not disputed.

The primary legal issue is whether Plaintiff's Baby Bootie and Defendant's baby bootie are substantially similar. Substantial similarity is determined by the "ordinary observer" test, that is, "whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value." *Id* at 606.

Pursuant to the 1976 Copyright Act, a copyright infringer is liable for the copyright owner's actual damages and any additional profits of the infringer. 17 U.S.C. § 504 (c)(1). Plaintiff has the burden of establishing the gross revenues earned by Defendants as a result of sales of the infringing baby booties. 17 U.S.C. § 504. Plaintiff establishes prima facie proof when it presents the number of items sold and the initial price. *Data General Corp. v. Grumman Systems Support Corp.*, 36 F.3d 1147 (1st Cir. 1994). The burden then shifts to the Defendants to prove any deductible expenses which are directly attributable to the production of the infringing angels. 17 U.S.C. § 504; *Data General Corp., supra.*(deduction for overhead the exception rather than the rule); *Hamil America, Inc. v. SGS Studio, Inc., et al*, 95 CIV 2513

(S.D.N.Y. Jan. 1998) (infringer has the burden of proving the nexus between each expense claimed and the sale of the infringing work.)

Gloria Duchin, Inc.,
By its attorney,

/s/ Peter P.D.Leach
PETER P.D. LEACH (#3955)
One Charles Street
Providence, RI 02904
(401) 521-9100
(401) 521-9120 Fax

/s/ Christine M. Curley
CHRISTINE M. CURLEY (#4529)
275 Beacon Drive
North Kingstown, RI 02852
(401) 294-0847
FAX (401) 294-0849
christinecurley@earthlink.net

**CERTIFICATION**

I hereby certify that the foregoing Plaintiff's Pretrial Conference Statement was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorney received service by electronic means on this 12th day of October 2006:

Robert Roughsedge
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Suite 345
Boston, MA 02210
rroughsedge@lawson-weitzen.com

/s/ Christine M. Curley