IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GLORIA DUCHIN, INC. | ) | |
| | ) | |
| v. | ) | C.A. NO.: 2006CV00034ML |
| | ) | |
| CREATIVE CATALOGS CORPORATION. | ) | |
| And PC ACQUISITION, INC. d/b/a | ) | |
| PERSONAL CREATIONS | ) | |

**AMENDED COMPLAINT**

PARTIES AND JURISDICTION

1. Plaintiff, Gloria Duchin, Inc., ("Duchin"), is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business in East Providence, Rhode Island.

2. Defendant, Creative Catalogs Corporation ("Creative"), is a foreign corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Hinsdale, Illinois. Creative carries on substantial business activities within the State of Rhode Island. Said business activities establish sufficient minimum contacts under Rhode Island General Laws 9-5-33, as amended and subjecting said Defendant to the jurisdiction of the Courts of the State of Rhode Island.

3. Defendant, PC Acquisition, Inc. d/b/a Personal Creations ("Personal Creations"), at all times material hereto, is a foreign corporation, organized and existing under the laws of the State of Delaware with a principal place of business in Hinsdale, Illinois. Personal Creations carries on substantial business activities within the State of Rhode. Said business activities establish sufficient minimum contacts under Rhode Island General Laws 9-5-33, as amended and subjecting said Defendant to the jurisdiction of the Courts of the State of Rhode Island. Creative and Personal Creations are collectively referred to herein as “Defendants.”

4. Each of the Defendants have the necessary and minimum contacts with the State of Rhode Island to confer jurisdiction on this Court.

5. This is an action arising under the copyright laws of the United States, United States Code, Title 17, U.S.C. Section 101, et seq., and under the Trademark Laws of the United States, Unites States Code, Title 15, U.S.C. Section 1051, *et seq*., and an actual controversy existing between Duchin and the Defendants.

6. Jurisdiction in this Court is proper under 28 U.S.C., Section 1331 and 1338, by virtue of this action being a question of Federal Law arising under the copyright laws of the United States, U.S.C., Title 17 and under the Trademark Laws of the United States, United States Code, Title 15.

7. Venue is proper under 28 U.S.C., Section 1391, as a substantial part of the events giving rise to the claims occurred in this District.

BACKGROUND FACTS

8. Plaintiff Duchin is in the business of designing, creating, manufacturing and selling keepsake items. One of the items Plaintiff created, manufactures, markets and sells throughout the country is the "*Silverplated Baby Bootie*.(the “Baby Bootie”).

9. The Baby Bootie was created by Plaintiff's employees and/or agent in 1997 and the manufacturing and distribution of same has continued by Duchin since the date of first publication in 1997. The Baby Bootie was a wholly original creation of the Plaintiff, by and through its employees and/or agents.

10. “Gloria Duchin, Inc.” is engraved on each item along with the country of origin designation (USA) and the year 1998, which is when the product was created and first offered for sale to the public. A copy of the work is attached hereto and marked as *Exhibit 1*.

11. On or about October 2006, Plaintiff applied for a copyright registration for the Baby Bootie. On October 6, 2006, the United States Copyright Office issued a Certificate of Registration for the Baby Bootie. A true and accurate copy of the Certificate of Registration is attached hereto as *Exhibit 2*.

12. During 2001 and 2002, Defendant Personal Creations, as subsidiary of Defendant Creative, purchased more than 4500 pieces of the Baby Bootie from Duchin.

**COUNT I**
(Copyright Infringement)

13. Plaintiff incorporates Paragraphs 1 through 12 of this Complaint as if fully set forth herein.

14. Defendant Creative has manufactured, distributed, marketed, advertised, sold and continues to manufacture, distribute, market, advertise and sell to the public a product which is a direct copy of the Plaintiff's Baby Bootie.

15. Creative distributes, markets, advertises and sells to the public a product which is a direct copy of the Plaintiff's Baby Bootie through its subsidiary Defendant Personal Creations.

16. By letter dated October 18, 2005, Duchin, through its attorney, notified Defendants that their manufacture, distribution, marketing, advertising and sales to the public of the keepsake item which is a direct copy of Plaintiff's copyrighted Baby Bootie, constituted unlawful infringement.

17. By their actions alleged herein Defendants have infringed and willfully continue to infringe Plaintiff's copyright in and relating to the Baby Bootie by manufacturing, marketing, distributing, advertising and selling to the retail public products which are direct copies of Plaintiff's copyrighted Baby Bootie.

18. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents and employees from engaging in further such acts in violation of the copyright laws.

19. Plaintiff is further entitled to recover from Defendants, the damages including attorney's fees, it has sustained and will sustain and any gains, profits and advantages obtained by Defendants as a result of the acts of infringement as alleged herein.

**COUNT II**
(Trademark Infringement)

20. Plaintiff incorporates paragraphs 1 through 19 of its Complaint as if fully set forth herein.

21. Defendant Creative, through its subsidiary Personal Creations, has been using a photograph of Plaintiff's Baby Bootie on its website to market and sell a silverplated baby bootie.

22. The text on the Personal Creations website does not identify Duchin as the product's manufacturer, but does imply that it is manufactured in the United States. The actual product sold by Defendants has a label indicating that it is "Made in China." The use of the Duchin photograph on the website is intentionally misleading, as a prospective purchaser is lead to believe that Personal Creations is offering the Duchin Baby Bootie for sale.

23. The use by Personal Creations of the photograph of the Duchin Baby Bootie violates Duchin's trademark rights and other laws prohibiting the use of Duchin's name and product for the manufacture, use, display, or sale of an imitation product. Defendants have used deceptive Internet marketing practices intentionally designed to cause customer confusion and mistake.

24. The item for sale on Defendants' website is not Duchin's Baby Bootie and was not an authorized reproduction of the Duchin Baby Bootie.

25. By its actions alleged herein, Defendants are misleading the public into believing that the product they are selling is the Duchin Baby Bootie, thereby depriving Plaintiff of the benefit of the good will attached to its product. Defendants' actions are likely to cause and have caused confusion and mistake and are likely to deceive the public with respect to the identity of the product being sold on the website, in violation of the Federal Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq*.

26. Plaintiff is entitled to an injunction restraining Defendants, its officers, agents, and employees from engaging in further such acts in violation of the copyright and trademark laws.

27. Plaintiff is further entitled to recover from Defendants, the damages, including attorney's fees, it has sustained and will sustain and any gains, profits, and advantages obtained by Defendants as a result of the acts of trademark infringement as alleged herein.

WHEREFORE, Plaintiff Gloria Duchin, Inc. prays for the following relief:

1. A permanent injunction enjoining Defendants, its employees, agents and assigns from infringing on the Plaintiff's copyrighted design and making or offering for sale or selling the infringing work and ordering the Defendants to recall or remove from places of sale the infringing works;

2. For an accounting of all profits earned by Defendants on the sale of the infringing works;

3. An award of actual damages plus the Defendants' profits;

4. An award of statutory damages from the Defendants;

5. An award of costs and attorneys fees; and

6. For such other relief as this Court deems meet and proper.

Plaintiff demands a jury trial and designates Peter P.D. Leach as trial counsel.

Gloria Duchin, Inc.,
By its attorney,

/s/ Peter P.D.Leach
PETER P.D. LEACH (#3955)
One Charles Street
Providence, RI 02904
(401) 521-9100
(401) 521-9120 Fax

/s/ Christine M. Curley
CHRISTINE M. CURLEY (#4529)
275 Beacon Drive
North Kingstown, RI 02852
(401) 294-0847
FAX (401) 294-0849
christinecurley@earthlink.net

**CERTIFICATION**

I hereby certify that the foregoing Amended Complaint was filed electronically with the United States District Court for the District of Rhode Island and is available for viewing and downloading from the Electronic Case Filing system. The following attorneys received service by electronic means on this __th day of November 2006:

Robert Roughsedge
Lawson & Weitzen, LLP
88 Black Falcon Avenue
Suite 345
Boston, MA 02210
rroughsedge@lawson-weitzen.com

Stan Sneeringer
Pedersen & Houpt
161 N. Clark Street, Suite 3100
Chicago, Il 60601
ssneeringer@pedersenhoupt.com

/s/ Christine M. Curley